FILED
NOV 2 3 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

| | |
|---|---|
| JELD-WEN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT FOR DAMAGES AND** |
| ) | **INJUNCTIVE RELIEF** |
| ANDERSEN CORPORATION and ) | |
| ANDERSEN WINDOWS, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, JELD-WEN, inc. ("JELD-WEN") for its Complaint against Defendants Andersen Corporation ("Andersen Corporation") and Andersen Windows, Inc. ("Andersen Windows")(collectively "Defendants") states and alleges as follows:

## SUBSTANCE OF THE ACTION

1.  This is an action at law and in equity for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. This action arises from the Defendants' unauthorized use, reproduction, distribution, display, and preparation of substantially similar reproductions of JELD-WEN's copyrighted ornamental door design, known as International Wood Products No. 252. JELD-WEN seeks injunctive relief, an accounting of Defendants' profits, and JELD-WEN's actual damages or, in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

## THE PARTIES

2.  JELD-WEN is a corporation organized and existing under the laws of the State of Oregon, with a principal place of business in Klamath Falls, Oregon.

3. Upon information and belief, Defendant Andersen Corporation is a corporation organized and existing under the laws of the State of Minnesota, with a principal place of business at 100 4th Avenue North, Bayport, Minnesota. Defendant Andersen Corporation conducts business in the State of North Carolina, including in this judicial district, by advertising, offering for sale, and selling its products in this state and in this district.

4. Upon information and belief, Defendant Andersen Windows, Inc. is a corporation organized and existing under the laws of the State of Minnesota, with a principal place of business at 551 North Maine Street, Bayport, Minnesota. Defendant Andersen Windows conducts business in the State of North Carolina, including in this judicial district, by advertising, offering for sale, and selling its products in this state and in this district. Upon information and belief, Andersen Windows is a subsidiary or affiliate of Andersen Corporation. Upon further information and belief, both Andersen Windows and Andersen Corporation are directly involved in the wrongful conduct alleged in this Complaint.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. §§ 1331 and 1338(a) because this suit arises under the federal Copyright Act.

6. This Court has personal jurisdiction over Defendant Andersen Corporation because Andersen Corporation transacts business within this state and has caused tortious injury to JELD-WEN within this state, and because a substantial part of the events giving rise to the claims set forth in this Complaint occurred in this state.

7. This Court has personal jurisdiction over Defendant Andersen Windows because Andersen Windows transacts business within this state and has caused tortious

2

injury to JELD-WEN within this state, and because a substantial part of the events giving rise to the claims set forth in this Complaint occurred in this state.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants reside and do business in this district, a substantial part of the events giving rise to the claims occurred in this district, and the Defendants or its agents may be found in this district.

## JELD-WEN'S COPYRIGHTED DOOR DESIGN

9. JELD-WEN is a manufacturer and seller of doors and windows, and is renowned for producing doors and windows with highly distinctive designs that contain skillfully crafted and commercially valuable ornamental and decorative features. One arm through which JELD-WEN produces such products is its 3D Industries division ("3D").

10. In 1995, 3D created a door with a unique artistic panel and barring design that is referred to as the 252 design ("the Copyrighted Design"). The Copyrighted Design was first published sometime after October 5, 1995.

11. The Copyrighted Design is an original work of authorship, embodying copyrightable subject matter, and is subject to the full protection of the U.S. Copyright laws.

12. JELD-WEN, through its 3D division, is the sole and exclusive owner of all right, title, and interest in and to the copyright in the Copyrighted Design.

13. JELD-WEN, through its 3D division, has obtained from the United States Copyright Office a copyright registration for the Copyrighted Design bearing registration number VAu-344-151. The effective date of registration for the Copyrighted Design copyright is October 6, 1995. A true and correct copy of JELD-WEN's copyright registration for the Copyrighted Design is attached as Exhibit A to this Complaint and is

3

incorporated herein by reference.

## DEFENDANTS' INFRINGEMENT OF JELD-WEN'S COPYRIGHTED DESIGN

14. Recently, JELD-WEN became aware that Defendants have created identical or substantially similar copies of the Copyrighted Design and are manufacturing, displaying, offering for sale and, on information and belief, selling doors bearing those copies ("the Infringing Design"). On further information and belief, Defendants have created and are marketing, selling, or otherwise distributing unauthorized derivative works based on the Copyrighted Design. A depiction of an example of Defendants' Infringing Design in comparison with JELD-WEN's Copyrighted Design is attached to this Complaint as Exhibit B.

15. JELD-WEN has never authorized Defendants to reproduce the Copyrighted Design, to distribute or display the Infringing Design or any other reproductions of the Copyrighted Design, nor to create any derivative works based on the Copyrighted Design.

16. Upon information and belief, Defendants have knowingly and willfully copied the Copyrighted Designs, reproduced and publicly displayed those unauthorized copies, and created unauthorized derivative works based on the Copyrighted Design.

17. Upon information and belief, Defendants have reaped profits from the sale and display of the Infringing Design.

18. JELD-WEN has been damaged and will sustain further damage as a result of Defendants' wrongful conduct alleged in this Complaint. Legal remedies are insufficient to compensate JELD-WEN for the harm it has suffered and likely will continue to suffer due to Defendants' wrongful conduct as alleged in this Complaint.

4

## CLAIM FOR RELIEF:
## COPYRIGHT INFRINGEMENT UNDER THE
## UNITED STATES COPYRIGHT ACT
## (17 U.S.C. § 501 et seq.)

19. JELD-WEN incorporates by reference the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20. Defendants had access to the Copyrighted Design by virtue of the fact that doors bearing the Copyrighted Design and depictions thereof are in circulation among the public and are able to be viewed by JELD-WEN's competitors, including Defendants, and the general public.

21. The Infringing Design is substantially similar to the Copyrighted Design.

22. Defendants' unauthorized reproduction, distribution, and public display of products containing the Infringing Design, and its creation of unauthorized derivative works based on the Copyrighted Design, are in violation of JELD-WEN's rights under the United States Copyright Act, 17 U.S.C. §§ 106, 501.

23. As a result of Defendants' acts of infringement as alleged in this Complaint, and in accordance with Section 504 of the Copyright Act, 17 U.S.C. § 504, JELD-WEN is entitled to recover from Defendants the damages it has sustained and will sustain, and any profits obtained by Defendants from its acts of infringement. At present, the amount of such damages and profits cannot be fully ascertained by JELD-WEN. JELD-WEN is also entitled to receive, at its election, statutory damages from Defendants pursuant to Section 504(c) of the Copyright Act, 17 U.S.C. § 504(c).

24. Pursuant to Section 502 of the Copyright Act, 17 U.S.C. § 502, JELD-WEN is entitled to injunctive relief to prevent Defendants from further infringements of the

Copyrighted Design because JELD-WEN's remedies at law are inadequate to compensate it for the harm it has suffered and will suffer due to Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, JELD-WEN, inc. respectfully prays for relief as follows:

1. That Defendants, each of their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, be preliminarily and permanently enjoined from:

    (a) Imitating, copying, using, reproducing, displaying, distributing, creating derivative works of, or purporting to authorize any third party to imitate, copy, use, reproduce, display, distribute, or create derivative works of JELD-WEN's Design, in any manner, medium, or form, or otherwise infringing JELD-WEN's copyright in the Copyrighted Design;

    (b) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph (a) above.

2. That Defendants, and those in active concert with them, be directed to deliver up to JELD-WEN within five (5) days of entry of judgment, or at such earlier time as the Court may order, all products, brochures, catalogs, packaging, labels, headers, tags, cards, drawings, designs, screens, films, plates, cylinders, masters, advertisements, promotional materials, displays, literature, websites, photographs, and all other matter in its possession, custody, or control, incorporating, featuring, or bearing any simulations, variations, colorable imitations, alterations, or mutilations of JELD-WEN's Copyrighted Design or any materials that could be used to reproduce infringing material substantially similar to JELD-WEN's Copyrighted Design.

6

3. That Defendants be directed to file with the Court and serve upon JELD-WEN's counsel within thirty (30) days after entry of such judgment, or at such earlier time as the Court may order, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

4. In accordance with Section 504 of the Copyright Act, 17 U.S.C. § 504, that JELD-WEN be awarded such damages as it has sustained and will sustain, together with Defendants' profits derived from its copyright infringement, or, at JELD-WEN's election, that JELD-WEN be awarded statutory damages for willful copyright infringement in an amount to be determined by the Court.

5. That JELD-WEN be awarded interest, including prejudgment interest, on the foregoing sums.

6. And that JELD-WEN be awarded such other and further relief as the Court may deem just and proper.

This the 23rd day of November, 2005.

KILPATRICK STOCKTON LLP

/s/ W. Swain Wood

George L. Little, Jr.
North Carolina State Bar No. 2753
Richard S. Gottlieb
North Carolina State Bar No. 23131
W. Swain Wood
North Carolina State Bar No. 32037
3737 Glenwood Avenue, Suite 400
Raleigh, North Carolina 27612
Telephone: (919) 420-1700
Facsimile: (919) 420-1800
*Attorneys for Plaintiff
JELD-WEN, inc.*

7

# EXHIBIT A

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

REGISTER OF COPYRIGHTS
United States of America

**FORM VA**
UNITED STATES COPYRIGHT OFFICE


VAu 344-151

EFFECTIVE DATE OF REGISTRATION
Oct 6 1995

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼** INTERNATIONAL WOOD PRODUCTS

252

**NATURE OF THIS WORK ▼** See instructions
UNIQUE, ARTISTIC PANEL & BARRING DESIGN

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**  **Number ▼**  **Issue Date ▼**  **On Pages ▼**

---

**NAME OF AUTHOR ▼**
3D INDUSTRIES, DIVISION OF JELD-WEN, inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
[X] Yes
[ ] No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
     Domiciled in ▶ UNITED STATES

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  [ ] Yes  [X] No
Pseudonymous? [ ] Yes [X] No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
[X] 3-Dimensional sculpture   [ ] Map            [ ] Technical drawing
[ ] 2-Dimensional artwork     [ ] Photograph     [ ] Text
[ ] Reproduction of work of art  [ ] Jewelry design  [ ] Architectural work
[ ] Design on sheetlike material

**NOTE** Under the law, the "author" of a "work made for hire" is generally the employer, not the employee.

---

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  [ ] Yes  [ ] No
Pseudonymous? [ ] Yes [ ] No

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
[ ] 3-Dimensional sculpture   [ ] Map            [ ] Technical drawing
[ ] 2-Dimensional artwork     [ ] Photograph     [ ] Text
[ ] Reproduction of work of art  [ ] Jewelry design  [ ] Architectural work
[ ] Design on sheetlike material

---

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1995

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶   Day ▶   Year ▶   ◀ Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

3D INDUSTRIES, DIVISION OF JELD-WEN, inc.
7312 CONVOY COURT
SAN DIEGO, CA  92111

**APPLICATION RECEIVED**
OCT. 0 6 1995
**ONE DEPOSIT RECEIVED**
OCT. 0 6 1995
**TWO DEPOSITS RECEIVED**

**REMITTANCE NUMBER AND DATE**

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions  • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of __ pages

EXAMINED BY
CHECKED BY
CORRESPONDENCE
☐ Yes

FORM VA
FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office? ....
☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼    Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼    Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/Zip ▼

ATTN: SUSIE TORRE    3D INDUSTRIES/INTERNATIONAL WOOD PRODUCTS
7312 CONVOY COURT
SAN DIEGO, CA    92111

Area Code & Telephone Number ▶

Be sure to give your daytime phone number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of    **3D INDUSTRIES**
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
SUSIE TORRE    date ▶ 9-28-95

Handwritten signature (X) ▼
*Susie Torre*

MAIL CERTIFI- CATE TO
Name ▼
ATTN: SUSIE    3D INDUSTRIES, INC.
Number/Street/Apartment Number ▼
7312 CONVOY COURT
City/State/ZIP ▼
SAN DIEGO, CA    92111

Certificate will be mailed in window envelope

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to Register of Copyrights
3. Deposit material
MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.
May 1992—50,000    ☆U.S. GOVERNMENT PRINTING OFFICE: 1992-312-432/40,017

# EXHIBIT B





JELD-WEN 252 DESIGN